Eastern District of Kentucky
F I L E D
MAY 0 4 2005
AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

CIVIL ACTION NO. 05-CV-120-KKC

TERRY L. BRICE                                                                                           PETITIONER

VS:                     **MEMORANDUM OPINION AND ORDER**

CHARLES E. SAMUELS, JR.                                                 RESPONDENT

Terry L. Brice, an individual incarcerated in the Federal Correctional Institution in Manchester, Kentucky, has filed the instant *pro se* petition for writ of habeas corpus, pursuant to 28 U.S.C. §2241, and has paid the district court filing fee.

This matter is before the Court for screening.[1] 28 U.S.C. §2243; *Demjanjuk v. Petrovsky*, 612 F. Supp. 571 (N.D. Ohio 1985) (citing *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970), *cert. denied*, 400 U.S. 906 (1970); *accord Aubut v. State of Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

## CLAIMS

The petitioner claims that (1) he is "actually innocent" of a firearms crime for which he was convicted and sentenced in 1993; and (2) this Court has jurisdiction to grant him relief from the conviction under 28 U.S.C. §2241.

## ALLEGATIONS

The following is a summary or construction of the allegations contained in the petition [Record No. 1] or gleaned from opinions issued when the petitioner attacked his conviction and/or sentence previously.

On November 18, 1993, in the United State District Court for the District of South Carolina, a jury convicted the petitioner and several co-defendants of conspiracy to possess with intent to distribute cocaine

---

[1] This is a *pro se* petition and, as such, is held to less stringent standards than those drafted by attorneys. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The allegations in a *pro se* petition must be taken as true and construed in favor of the petitioner. *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983).

base, in violation of 21 U.S.C. §846(a)(1), and possession of a weapon during and in relation to a drug-trafficking crime, in violation of 18 U.S.C. §924(c). The convictions were affirmed on appeal. *United States v. Wilson*, 43 F.3d 1469 (4th Cir. 1994) (unpublished). In 1995, Petitioner Brice filed an unsuccessful motion attacking the convictions pursuant to 28 U.S.C. §2255, and the denial of relief was affirmed without revealing the issues, the Fourth Circuit writing only that it was affirming "on the reasoning of the district court." *United States v. Brice*, 81 F.3d 151 (4th Cir. 1996) (unpublished).

After at least one *pro se* Federal Rule of Criminal Procedure 33 motion was denied and the Fourth Circuit denied him permission to file a second §2255 motion, the petitioner filed a prior petition for writ of habeas corpus pursuant to 28 U.S.C. §2241 in this Court. In *Brice v. Snyder*, Lon. 01-CV-387-JBC, he claimed that his remedy by a §2255 motion to the trial court was inadequate and ineffective to test the legality of his detention because the jury was wrongly instructed on the definition of "use" of a firearm, as provided in 18 U.S.C. §924(c) and as was later clarified by the Supreme Court in *Bailey v. United States*, 516 U.S. 137 (1995). This Court denied relief, a decision upheld by the appellate court. *Brice v. Snyder*, 82 Fed.Appx. 444 (6th Cir. 2003) (unpublished).

In today's petition, Brice again claims "actual innocence" of the firearms charge, §924(c), and this time his ground is "due to the fact that Count 4 of the indictment fails to state an offense under 924(c)." He contends that his facts are in accord with other courts' use of §2241 to reach a trial court matter to avoid a miscarriage of justice. Because the indictment under which he was convicted failed to contain an element of the offense and the jury had "mischarging instructions" as to the elements of the crime, the petitioner again asks this Court for relief from the firearms conviction.

## DISCUSSION

The general rule is that 28 U.S.C. §2255 relates to conviction and imposition of sentence and such issues must be brought before the trial court. A petition for writ of habeas corpus pursuant to 28 U.S.C. §2241 is to be brought in the district where a petitioner is incarcerated and may only challenge execution of

sentence, such as the computation of parole or sentence credits. *See DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986) (per curiam); *Cohen v. United States*, 593 F.2d 766, 770-71 (6th Cir. 1979). Since the instant petitioner's claim clearly relates to his firearms conviction, it is not ordinarily a cognizable claim for this Court under 28 U.S.C. §2241.

Moreover, the petitioner's attempted use of §2241 to challenge his §924(c) conviction has been rejected by the United States Court of Appeals for the Sixth Circuit, when it affirmed this Court's *sua sponte* dismissal in his earlier petition. The appellate court wrote therein that even if the petitioner were correct that he did not "use" a firearm within the proper meaning of §924(c), he could not meet the "actual innocence" standard as stated in *Bousley v. United States*, 523 U.S. 61, 623 (1998). *Brice v. Snyder*, 82 Fed.Appx. at 446. After recounting some of the testimony about guns at trial, the court found that "Brice fails to meet his burden of showing that it is more likely than not that no reasonable juror would have convicted him based on violence of his carrying a firearm in connection with a drug-trafficking offense in violation of § 924(c)." *Id.* at 446-47 (citing *Bousley*, 523 U.S. at 623). Nor would a challenge to the "carrying" element prevail. The appellate court continued in pertinent part as follows:

> Nevertheless, Brice . . . claims the indictment only charged possession, not carrying. The indictment read that Brice, with his co-conspirators, "knowingly possessed" a handgun "during and in relation to a drug trafficking crime," all in violation of §924(c). J.A. at 50. Brice characterizes the indictment's charge of "knowingly possessed" – language not found in §924(c) – as constitutionally insufficient to support a conviction for carrying." Though the indictment did not explicitly charge Brice with "carrying," we nonetheless find it constitutionally sufficient by its reference to the Code section.
>
> . . .
>
> . . . Brice's indictment passes constitutional scrutiny.

*Brice v. Snyder*, 82 Fed.Appx. at 447 (citing *United States v. Martinez*, 981 F.2d 867, 872 (6th Cir. 1992)).

Even were there any doubt as to the scope of the appellate court's dismissal of the instant claim in 2003, this Court would dismiss the instant cause of action *sua sponte*, nonetheless. Dismissal is appropriate under *In re Dorsainvil*, 119 F.3d 245 (3rd Cir. 1997), relied upon by the petitioner, and under case law

3

decided since that time. Under *Charles v. Chandler*, 180 F.3d 753 (6th Cir. 1999), the petitioner has the burden of demonstrating that his remedy by a §2255 motion to the trial court is inadequate and ineffective; and under *Martin v. Perez*, 319 F.3d 799 (6th Cir. 2003), the petitioner must also demonstrate actual innocence. Only Martin was found to have met both of these requirements, the appellate court finding that the petitioner had demonstrated that he had been barred from filing a successive §2255 motion, thus meeting the "inadequate or ineffective" criteria; and had also demonstrated that his claim was one of "actual innocence" of violating the federal arson statute, as the statute is explained under a recent Supreme Court decision.

Consistent therewith, as a threshold matter, this Court has followed the same analysis, evaluating whether the instant petitioner has established both of the two requisite pre-conditions so that the Court may use §2241 to weigh his challenge to his sentence on the merits. Having done so, the Court finds that, unlike the petitioners who have been permitted to use §2241, the instant petitioner has not demonstrated herein that his remedy by §2255 was inadequate or ineffective. The Court finds that the instant petitioner has had earlier opportunities to raise his claim--and he did so. Unsuccessfully.

To dispel the notion that a miscarriage of justice is being permitted, this Court has also independently examined his claim of innocence herein and finds that he again fails to establish actual innocence, consistent with the standard therefor, as stated by the Supreme Court of the United States, *i.e.*, "[t]o establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley*, 523 U.S. at 623.

Again, the petitioner fails to meet the standards for this Court to examine the merits of his claims under 28 U.S.C. §2241. At most, like the unsuccessful petitioner in an earlier case, *In re Davenport*, 147 F.3d 605 (7th Cir. 1998), the instant petitioner "is innocent . . . only in the technical sense." *Id.* at 609. Therefore, this Court will again deny his petition *sua sponte*. To do otherwise would be to allow the petitioner to obtain yet another bite at the post-conviction apple. *Charles*, 180 F.3d at 757.

## CONCLUSION

Accordingly, **IT IS ORDERED** that Petitioner Brice's petition for writ of habeas corpus is **DENIED**; the action will be **DISMISSED** from the docket of the Court; and Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the respondent.

This the 4th day of May, 2005.

Signed By:
*Karen K. Caldwell* KKC
United States District Judge

5